IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00143-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDUARDO NAVA,

    Defendant.

---

**PROTECTIVE ORDER REGARDING DIGITAL DEVICE EXTRACTIONS
AND ASSOCIATED REPORTS PERTAINING TO SOMEONE OTHER
THAN THE DEFENDANT**

---

This matter comes before the Court on the Government's Unopposed Motion for Protective Order Regarding Digital Device Extractions and Associated Reports Pertaining to Someone Other than the Defendant [Docket No. 48].

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Certain of the discovery in this case consists of contact information for, photographs of, and private conversations with family members and associates not related to the criminal conduct in this case. Providing these materials to individuals who do not need the materials to further the legal defense of the defendant in this case could pose an

undue risk to the privacy or safety of the individuals from whom the digital devices have been seized or the people who are depicted or referred to in the materials.

Wherefore, it is ORDERED that:

1. The Government's Unopposed Motion for Protective Order Regarding Digital Device Extractions and Associated Reports Pertaining to Someone Other than the Defendant [Docket No. 48] is granted.

2. All cell phone, computer, or digital storage extractions and associated reports pertaining to someone other than the defendant in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

3. To designate material covered by this Protective Order, the parties shall mark, on the material itself, in an accompanying cover letter, or on a disc covered with the following designation: "SENSITIVE INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]."

4. If the defendant has been detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. The defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

5. If the defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The material will not be entrusted to the care and custody of the

defendant without such supervision. A defendant on bond is not to e-mail, print, or duplicate the material.

6. With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the cell phone, computer, or digital storage extractions and associated reports pertaining to someone other than the defendant in this case shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case.

7. In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

8. At the conclusion of the case (to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255), all cell phone, computer, or digital storage extractions and associated reports pertaining to someone other than the defendant in this case may be returned to the government or disposed of in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court.

DATED this 13th day of September, 2019.

BY THE COURT:

s/Philip A. Brimmer
Philip A. Brimmer
Chief United States District Judge